INDUSTRIAL TRUST COMPANY v. CITY OF ST. CLOUD.[1]

January 30, 1903.

Nos. 13,342—(249).

**Pleading—Counterclaim.**

Action to recover from the city of St. Cloud hydrant rentals due on the contract and ordinance set forth in the opinion in the case of Sykes v. City of St. Cloud, 60 Minn. 442. The answer admitted the substantial allegations of the complaint, and alleged the failure of the water company to furnish water filtered as required by the ordinance, and that it furnished water unfit for domestic or sanitary purposes, whereby the city sustained damages in a sum stated, but did not allege any failure of the company to furnish to the city through the hydrants a proper supply of water for fire-protection purposes. *Held*, following State Trust Co. of New York v. City of Duluth, 70 Minn. 257, that the answer does not allege a defense or counterclaim.

Action in the district court for Stearns county to recover from defendant city $5,366.67 for hydrant rentals. From an order, Searle, J., sustaining a demurrer to the answer, defendant appealed. Affirmed.

*Jas. R. Bennett, Jr.*, and *David T. Calhoun*, for appellant.

The defense of impure water may be interposed by the city when sued for hydrant rentals. Farmers' Loan & Trust Co. v. Galesburg, 133 U. S. 156, affirming City of Galesburg v. Galesburg Water Co., 34 Fed. 675. Compliance with the contract was a continuing condition precedent to the right of the grantees of the franchise to use the streets. Winfield v. City, 51 Kan. 104. The contract on the part of the company is a continuing one and protects the city from paying rent in case the water is not supplied according to its terms. Adrian v. City, 64 Mich. 584. The company having failed to perform, the city is not bound to pay the contract price, but only what the service was worth. City v. Grand Haven, 99 Mich. 106; Creston v. City, 101 Iowa, 687; Lamar v. City, 140 Mo. 145. The case of State Trust Co. of New York v. City of Duluth, 70

[1] Reported in 93 N. W. 114.

Minn. 257, relied upon by the court below, is not in point on the question raised here.

There is no privity of contract between the company and consumer. The contract is with the city and the city may enforce all its provisions. Cleburne v. City, 13 Tex. App. 141; Howsmon v. Trenton, 119 Mo. 304; Eaton v. Fairbury, 37 Neb. 546; Mott v. Cherryvale, 48 Kan. 12; House v. Houston, 88 Tex. 233; Britton v. Green Bay, 81 Wis. 48; City v. Grand Haven, supra; Light v. City, 73 Miss. 598; State v. Portage City, 107 Wis. 441; City v. Grand Haven, 119 Mich. 652; Palestine v. City, 91 Tex. 540; City v. Burlington, 86 Iowa, 266. The city is not estopped by reason of having used the water. Winfield v. City, supra; Sykes v. City of St. Cloud, 60 Minn. 442.

*C. M. Van Slyck* and *Geo. H. Reynolds*, for respondent.

The several promises to furnish free water to the municipality, contained in section 5 of the ordinance, is no part of the consideration for the promise to pay hydrant rentals. First National Bank of Minneapolis v. City of St. Cloud, 73 Minn. 219. The defense of impure water may not be interposed by the city of St. Cloud in an action brought to recover the contract price for hydrant rentals, when the supply of water was at all times sufficient in quantity for putting out fires. State Trust Co. of New York v. City of Duluth, 70 Minn. 257. A private consumer of water can maintain an action for defective water service. Paducah v. Paducah, 89 Ky. 340; Duncan v. Owensboro, 12 Ky. L. R. 35; Gorrell v. Greenboro, 124 N. C. 328. One not a party or a privy to a contract, but who is a beneficiary thereof, is entitled to maintain an action for its breach, and even if the beneficiary is only one of a class of persons, if the class is sufficiently designated. Ellis v. Harrison, 104 Mo. 270; Vrooman v. Turner, 69 N. Y. 280; Austin v. Seligman, 18 Fed. 519; Johannes v. Phenix, 66 Wis. 50; Follansbee v. Johnson, 28 Minn. 311; Maxfield v. Schwartz, 45 Minn. 150; Barnes v. Hekla Fire Ins. Co., 56 Minn. 38; Lovejoy v. Howe, 55 Minn. 353. The entirety or separableness of a contract depends not upon the singleness of its subject or the multiplicity of the items composing it, but upon the entireness of the consideration or its

express or implied apportionment to the several items constituting its subject. It is the consideration to be paid, not the subject or thing to be performed, that determines the class to which a contract belongs. Lucesco v. Brewer, 66 Pa. St. 351; 2 Parsons, Cont. *517; Norris v. Harris, 15 Cal. 226; McGrath v. Cannon, 55 Minn. 457; Potsdamer v. Kruse, 57 Minn. 193; Spear v. Snider, 29 Minn. 463; Leeds v. Little, 42 Minn. 414; Taylor v. Marcum, 60 Minn. 292; Peterson v. Mayer, 46 Minn. 468; Rugg v. Moore, 110 Pa. St. 236; Indiana v. Koons, 105 Ind. 507; Higham v. Harris, 108 Ind. 246.

START, C. J.

This is an action by the assignee of the Water, Light & Power Company, hereafter designated as the "Company," to recover $5,366.67 for hydrant rentals due from the city of St. Cloud upon the contract and ordinance set forth in the opinion in the case of Sykes v. City of St. Cloud, 60 Minn. 442, 62 N. W. 613.

Section 1 of the ordinance grants a franchise to the grantees therein to erect a system of waterworks to supply the city and its inhabitants with pure water, suitable for domestic, manufacturing, and fire purposes, and to lay in the streets the necessary pipes for the distribution of water throughout the city, so as to afford the most adequate supply of water for domestic purposes, and the greatest protection from fire. The contract was for thirty years. Section 2 required all water to be filtered and purified before pumping it into the mains, in such manner as the state board of health shall approve. Section 5 thereof provides, in consideration of the franchise, and a conveyance to the grantees of the old waterworks, that they shall supply water free of charge, from such attachments as the city may make or cause to be made, for the use of its fire department, of its city offices, and for flush tanks for sewers, for drinking purposes, for all churches and schools in the city, and for a public drinking fountain in each ward of the city, and for two public fountains; the city to make all connections to mains when the water is furnished free. Section 6 provides that the grantees shall constantly operate the waterworks, so as at all times to furnish the city with full fire protection, and the inhabitants thereof with a full and ample supply of water for domestic purposes. Section 7 fixes the maximum rates for water

used by private consumers, and by section 9 the city stipulates that the city shall pay an annual rental for hydrants of $60, but whenever the number of private consumers of water reaches five hundred such rental is to be $55.

The complaint contains sufficient allegations of fact to entitle the plaintiff to recover the amount claimed for hydrant rentals. The answer admits, in substance, the allegations of the complaint, sets out the provisions of the ordinance to which we have referred, and alleges that fifty of the hydrants for which rent is claimed have never been used, and are of no use to the city, and are in excess of the reasonable requirements of the city; that the company has wholly failed to furnish water filtered or purified as required by the ordinance or otherwise, but has furnished water unwholesome, impure, and unfit for domestic or sanitary purposes; that, beginning four years back, the city repeatedly protested against the quality of the water furnished, and demanded that water be furnished as called for by the ordinance; and that the difference in value between the water furnished and agreed to be furnished was more than $6,000. The plaintiff interposed a general demurrer to the answer, and the defendant appealed from an order sustaining it.

There is no allegation in the answer that the supply of water furnished during the time for which rentals of the hydrants are claimed was not at all times sufficient for adequate fire protection and flushing of sewers. Therefore, if the answer alleges any damages which the city is entitled to off-set against the amount due for rentals, they are damages for a failure to furnish—First, a supply of pure and wholesome water for private consumers; and, second, a like quality of water free for public consumption in schools, churches, fire department, and city offices. The obligation of the company to furnish free pure water for the purposes last named was not absolute, for its undertaking was to furnish water from such attachments as the city may make or cause to be made, and the city was required to make all connections to mains when water was to be furnished free for any purpose. It is clear that the company was not bound to furnish any free water for any purposes until the city made or caused to be made the necessary

connections with the mains. There are no allegations in the answer to the effect that the city had at any time made the necessary connections with the mains, so as to entitle it to water for the purposes stipulated, or that it at any time desired to avail itself of the right to have water furnished for such purposes, and refrained from making the connections because only impure water was pumped into the mains. We are of the opinion that, for the reasons stated, if for no other, the answer does not allege facts entitling the defendant to any damages for the alleged failure to furnish free pure water for public purposes.

This brings us to the real question raised by the demurrer, which is this: Can the city, in this action to recover the contract price for hydrant rentals, offset or recoup damages sustained by private consumers for the failure of the company to furnish them with pure water as required by its contract with the city? If it can, the allegations of the answer are sufficient in this respect, and it was error to sustain the demurrer. A question identical in principle with the one here presented was thoroughly considered by the court in the case of State Trust Co. of New York v. City of Duluth, 70 Minn. 257, 73 N. W. 249, and answered in the negative. And we so answer the question in this case.

Counsel for the defendant, however, insists that the case cited is not in point, because the case turned entirely on the construction of a provision of an ordinance which is not found in the ordinance here in question. The ordinance in the Duluth case contained a provision to the effect that if the water company should suffer a suspension of a supply of good and wholesome water for a period exceeding sixty days, thereby causing an insufficiency for domestic and other purposes, it should forfeit its exclusive franchise, and during such failure of supply "all water rentals shall be suspended." The action was for the recovery of the agreed rental for hydrants for fire protection. The answer alleged as a defense a suspension of a supply of wholesome water for more than sixty days, and thereafter during the entire time for which the plaintiff claimed to recover for hydrant rentals, but there was no allegation therein that the company had failed to furnish a proper supply of water for fire-protection purposes. The plaintiff

demurred to the answer, which was sustained, and on appeal to this court the decision of the district court was affirmed. The pivotal question raised by the demurrer and determined by this court was whether the fact that the company had failed to furnish private consumers with suitable water for domestic purposes was a defense to the action against the city to recover the rentals of fire hydrants. It was the contention of the city that it was, because the ordinance expressly provided that a failure to furnish a supply of good and wholesome water, resulting in an insufficiency for domestic purposes, suspended all water rentals, including hydrant rentals, during the period of such failure.

This claim involved a construction of the words "all water rentals shall be suspended," as used in the ordinance, and it was held that hydrant rentals were not included therein. After holding that the ordinance was valid, the court held that hydrant rentals were not suspended thereby for a failure to furnish private consumers with pure water, and that the city could not avail itself of such failure as a defense. In reaching this conclusion, the court, by Justice MITCHELL, said:

"If the city in its corporate capacity has been furnished an adequate supply of water at these fire hydrants for the purposes of fire protection, can it successfully defend this suit by showing that the water supplied to private consumers for domestic purposes was not pure and wholesome? * * * There is nothing in the language of the section indicating an intention to make the city a trustee for private consumers, so as to enable it, when sued in its corporate capacity for its hydrant rentals, to defend by showing an inadequate service, or want of service, to private consumers, to their individual damage. In view of all these considerations, we are of the opinion that the construction of the ordinance contended for by the city is not permissible, and that its true construction is that the suspension of water rentals provided for only extends to those consumers to whom inadequate water service is furnished. It is suggested that, if private consumers are to be relegated to the defense of actions against them individually to recover their water rates, the remedy would be wholly inadequate and practically unavailing. There is force in

this suggestion, as applied to this particular remedy; and, if it was the only remedy, this would be a strong reason why we should, if possible, place a different construction upon this provision of the ordinance. But the city has other ample remedies,—as, for example, forfeiting the franchise of the water company."

It also has a remedy by an equitable action to cancel the contract and annul the franchise. City of St. Cloud v. Water, Light & Power Co., supra, page 329.

It is to be noted that the claim of the city of Duluth to avail itself of the failure of the water company to furnish wholesome water to private consumers as a defense was much stronger than is the defendant's claim in this case, for the terms of the ordinance in that case were more drastic than the provisions of the ordinance here under consideration. Clearly, if the failure to furnish pure water to private consumers is not a defense to an action for hydrant rentals where the ordinance declares that such failure shall suspend all water rentals, it cannot be where, as in this case, the ordinance does not contain such a provision. The two cases cannot be distinguished in principle, and we hold, following State Trust Co. of New York v. City of Duluth, supra, that the answer in this case does not state a defense or a counterclaim.

Order affirmed.

COLLINS, J., (dissenting).

I dissent. It is true that in the Duluth ordinance under consideration in State Trust Co. of New York v. City of Duluth, 70 Minn. 257, 73 N. W. 249, there was a provision to the effect that, if the water company should suffer the suspension of a supply of good and wholesome water for domestic consumption for a period exceeding sixty days, it should not only forfeit its exclusive franchise, but that "all water rentals shall be suspended" during the time. It is also true that the St. Cloud ordinance contained no such drastic provision, and for that reason the cases are not strictly analogous. But it stands conceded in the foregoing opinion that on principle they cannot be distinguished. Because no distinction can be made, I adhere to what was said in my dissenting opinion in the Duluth case, supra.